## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-08121 MMM (MANx) | Date | August 7, 2009 |

| | |
|---|---|
| Title | *Nicole Bowen v. Toys 'R' Us-Delaware, Inc.* |

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    Order to Show Cause Why Action Should Not Be Remanded to State Court for Lack of Subject Matter Jurisdiction

Nicole Bowen filed this putative class action in Los Angeles Superior Court on October 13, 2008.[1]  The complaint asserts three causes of action: (1) failure to pay wages with an order, check, draft, note, memorandum, or other acknowledgment of indebtedness that was payable on demand without discount at an established place of business in California in violation of California Labor Code § 212, (2) penalties for violation of § 212 under Labor Code § 2699, and (3) unfair competition and business practices under California Business & Professions Code § 17200.  Toys "R" Us - Delaware, Inc., doing business as Babies "R" Us, removed the action to federal court on December 9, 2008,[2] invoking diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.[3]

---

[1]See Class Action Complaint for: 1. Violation of Labor Code § 212; 2. Penalties Pursuant to Labor Code § 2699; and 3. Violation of Business & Professions Code § 17200 ("Complaint"), attached as Ex. B to Notice of Removal of Action from State Court ("Notice of Removal"), Docket No. 1 (Dec. 9, 2008).

[2]Defendant was served with summons and complaint on or about October 14, 2008.  Defendant served its notice of acknowledgment on November 10, 2008 and removed within thirty days, satisfying 28 U.S.C. § 1446(b).  (Notice of Removal, ¶¶ 2-3.)

[3]See Notice of Removal, ¶¶ 2-6.

### A.      Legal Standard Governing Removal Jurisdiction Under the Class Action Fairness Act ("CAFA")

The right to remove a case to federal court is entirely a creature of statute. See, e.g., *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1446 (setting forth removal procedures generally); 1453 (setting forth removal procedures for class actions). Only those state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending . . . ."); see also, e.g., *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant").

In 2005, Congress enacted the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4. CAFA, which applies to actions commenced on or after February 18, 2005, gives district courts original jurisdiction to hear civil actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "is a class action in which[, *inter alia*,] any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2); see also *Luther v. Countrywide Homes Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) ("The Class Action Fairness Act of 2005 § 4(a), 28 U.S.C. § 1332(d)(2), amended the requirements for diversity jurisdiction by granting district courts original jurisdiction over class actions exceeding $5,000,000 in controversy where at least one plaintiff is diverse from at least one defendant. In other words, complete diversity is not required. CAFA also provided for such class actions to be removable to federal court. See 28 U.S.C. § 1453(b). CAFA was enacted, in part, to 'restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.' Pub.L. No. 109-2, § 2(b)(2), 119 Stat. 4, 5 (codified as a note to 28 U.S.C. § 1711)").

Under CAFA, the number of members of all proposed plaintiff classes must exceed 100 in the aggregate. 28 U.S.C. § 1332(d)(5)(B). See also *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007) ("As a threshold matter, CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.' § 1332(d)(5). . . . Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over class actions if (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant. § 1332(d)(2)"); *id.* at 1021 n. 3 ("The Fifth Circuit

characterized § 1332(d)(5) as an 'exception' to CAFA jurisdiction conferred under § 1332(d)(2). . . . We view § 1332(d)(5) somewhat differently. . . . [S]atisfaction of § 1332(d)(5) serves as a prerequisite, rather than as an exception, to jurisdiction under § 1332(d)(2). This distinction is important because, as we address later, there are 'exceptions' to the statute in which jurisdiction otherwise exists under § 1332(d)(2) but the federal courts either *may* or *must* decline to exercise that jurisdiction. See, e.g., § 1332(d)(3)-(4)").

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988) and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1992)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990) and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

As the Ninth Circuit has explained, CAFA does not disturb the traditional rule that the burden of establishing removal jurisdiction is on the proponent of federal jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("We . . . hold that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction").

### B.     Whether Defendant Has Established That Removal Is Proper

In its notice of removal, defendant asserts that it is a Delaware corporation with its principal place of business in Wayne, New Jersey. Bowen is a citizen of California.[4] Consequently, as required by 28 U.S.C. § 1332(c)(1), defendant is a citizen of a state other than California, and minimal diversity as required by CAFA is present.

Bowen alleges that the putative class size is not yet determined but that she is informed and believes that defendant currently employs, and during the relevant time period employed, more than 1,000 employees;[5] defendant asserts that it has issued paychecks to more than 100 employees.[6]

---

[4]Complaint, ¶ 8 ("Plaintiff at the time of filing of the Complaint was both a resident and citizen of the State of California").

[5]*Id.*, ¶ 18 ("While the precise number of Class Members has not been determined at this time, plaintiff is informed and believes that defendant[ ] currently employ[s], and during the relevant time periods employed, over 1000 employees").

[6]Notice of Removal, ¶ 19 ("[B]etween October 14, 2007 and November 21, 2008, Defendant issued in excess of 25,000 paychecks to over 100 employees"); see also Declaration of Cathy M. Ace

3

Defendant bears the burden of showing that the number of members of all proposed plaintiff classes is 100 or greater in the aggregate as required by § 1332(d)(5). Defendant does not state, for example, how many employees were employed in California, and thus were subject to California's Labor Code. Nor does it provide information from which the court can glean how many of that subset of employees would be members of the putative class. Given this lack of information, it does not appear that defendant has made the necessary showing.

Another hurdle to establishing jurisdiction is a showing that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (citing *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005) and *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (emphasis original)).

Bowen's complaint does not specify the amount in controversy; as a result, defendant bears the burden of proving, by a preponderance of the evidence, that the jurisdictional amount is satisfied. See, e.g., *Korn*, 536 F.Supp.2d at 1205 ("[A] defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted). . ."); *Harrington v. Mattel, Inc.*, C07-05110, 2007 WL 4556920, *3 (N.D. Cal. Dec. 20, 2007) ("Because it is not clear from the face of the complaint if the jurisdictional amount in controversy is met, Defendants have the burden to prove, by a preponderance of the evidence, that the amount exceeds $5 million [citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold")]"; *Sanchez v. Wal-Mart Stores, Inc.*, Civ. S-06-cv-2573, 2007 WL 1345706, *1 (E.D. Cal. May 8, 2007) ("In her complaint, Sanchez does not allege a specific amount of damages. Therefore, this court has jurisdiction only if defendants establish by a preponderance of the evidence that potential damages exceed $5,000,000"); *Davis v. Chase Bank U.S.A., N.A.*, 453 F.Supp.2d 1205, 1208 (C.D. Cal. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. . . . Under this standard, the defendant must provide evidence that it is more likely than not that the amount in controversy

---

in Support of Removal ("Ace Decl."), ¶ 8 ("Between October 14, 2007, and November 21, 2008, Defendant issued in excess of 25,000 paychecks to over 100 employees").

satisfies the federal diversity jurisdictional amount requirement. . . . In its discretion, a district court may accept certain post-removal admissions as determinative of the amount in controversy" (citations and quotation marks omitted)).

In its notice of removal, defendant alleges that the amount in controversy exceeds $5,000,000, based on the following computation:[7] Under California Labor Code § 2699, an employer is assessed a civil penalty of $100 for each aggrieved employee per pay period for an initial violation of Labor Code § 212, and $200 for each aggrieved employee per pay period for each subsequent violation. See CAL. LAB. CODE § 2699 (f)(2) ("If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation"). The complaint alleges that defendant has violated Labor Code § 212 and seeks penalties under § 2699, as well as compensatory and punitive damages.[8] Plaintiff also seeks restitution for unfair competition under California Business & Professions Code § 17200, including an unspecified disgorgement of profits. Defendant asserts that it has issued in excess of 25,000 paychecks to 100 employees. It multiplies the 25,000 paychecks by the $200 penalty prescribed by California Labor Code § 2699 to conclude that damages of $5,000,000 are at issue.[9]

Defendant's calculation assumes that each of the 25,000 paychecks constitutes a violation of the statute. It also assumes that all of the 25,000 paychecks constitute a second or subsequent violation, as opposed to an initial violation. This does not appear to follow, as there must be a first violation for every employee, accruing a penalty of $100, before there can be subsequent violations accruing a penalty of $200. Pertinent in this regard is the complaint's allegation that employee turnover will be factor in determining numerosity; such turnover would increase the number of violations denominated first-time as opposed to subsequent violations.[10] Because defendant's calculations rest on assumptions that are not readily drawn from the face of the complaint, the court concludes that its estimate of the penalties at issue does not satisfy the preponderance standard.

The notice for removal asserts additionally that compensatory damages, attorneys' fees, and

---

[7]Notice of Removal, ¶ 19-20.

[8]Complaint, Prayer for Relief at 9.

[9]25,000 paychecks x $200 = $5,000,000.

[10]Complaint, ¶ 19 ("Accounting for employee turnover during the relevant periods necessarily increases [the class size] substantially. Plaintiff alleges defendant[']s[ ] employment records would provide information as to the number and location of all Class Members").

exemplary damages "could exceed $1,250,000.00."[11]  This number is based on the assumption that penalties of $5,000,000 are at issue, as defendant estimates that compensatory damages, attorneys' fees and punitive damages will equal 25% of the penalties assessed.  There are two problems with this aspect of the damages quantification.  First, as noted, defendant has provided inadequate support for its conclusion that penalties of $5,000,000 are at issue.  Second, defendant has provided no explanation for its assumption that attorneys' fees, compensatory and punitive damages will equal 25% of the penalties assessed.

The court accordingly orders Toys 'R' Us to show cause on or before **August 17, 2009** why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.  Plaintiff may file a response no later than **August 24, 2009.**

---

[11]Notice for Removal, ¶ 20. ("Additionally, Plaintiff's Complaint seeks an unspecific amount of compensatory damages, attorneys' fees and exemplary damages in connection with the causes of actions set forth in this Complaint.  Assuming for purposes of this analysis only that the amount of attorneys' fees and damages at issue in this matter amounted to 25% of the penalties set forth above, the amount of these damages could exceed $1,250,000").